Samuel SHAPIRO, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Samuel and Bella SHAPIRO, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Nos. 80–4055, 80–8017.

United States Court of Appeals, Second Circuit.

June 30, 1980.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and NEAHER, District Judge.

ORDER

In our view taxpayers' motion for leave to appeal under 28 U.S.C. § 1292(b) should be denied and the Commissioner's motion to dismiss the appeal should be granted.

If this were an appeal from the interlocutory order of a district court as opposed to the Tax Court, 73 T.C. 313, we might well accept a certification, because the question whether an IRS jeopardy assessment can be used to freeze assets of a taxpayer needed to pay attorneys' fees and to prepare his

case fully is a question that has never been resolved by this court and appears to raise an important legal question. The Tax Court judge here stated he felt the case was "difficult," and he certified the question for appeal after refusing to release the funds requested. The resolution of this issue arguably could affect the outcome and conduct of the trial, and the alleged imposition on the taxpayers in not having access to these funds to proceed with their litigation appears to be substantial.

The argument of the Commissioner that an appeal cannot be taken under § 1292(b) from an interlocutory order of the Tax Court is irrefutable, however. The language of § 1292(b) refers only to orders by a "district judge" and proceedings in a "district court," making no reference to orders of any other court. Moreover, Fed.R. App.P. 5, governing appeals from interlocutory orders under § 1292(b), also refers solely to the "district court," and Rule 5 is expressly excluded from application to the Tax Court by Rule 14.

Taxpayers attempt to rely on the language of 26 U.S.C. § 7482(a) giving courts of appeals jurisdiction to review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." But, as the Commissioner points out, this sentence has always been interpreted to apply to *final* Tax Court decisions, and there is no indication that the sentence was meant to encompass appeals of interlocutory Tax Court orders by implicitly incorporating into the term "decision of the district court" interlocutory orders of district court appealable under § 1292. *See Commissioner v. Smith Paper, Inc.,* 222 F.2d 126, 128 (1st Cir. 1955). Indeed, § 1292(b) was added to the Code ten years after the "same extent" language in § 7482(a), and hence the fact that § 1292(b) only refers to "district courts" indicates that there was no intention under § 7482(a) to make interlocutory Tax Court orders appealable when any such intention could have been stated explicitly in § 1292(b).

And since this is clearly not a final decision, the alternate notice of appeal under § 1292 is unavailing. The attempt to invoke the "collateral order" doctrine of *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is equally so. The requirements of *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), are not met since the denial of the taxpayers' motion may be reviewed on the entry of a final judgment. As the Eighth Circuit said in a different context, assuming arguendo that the taxpayers have a constitutional right to be represented by competent counsel in tax court proceedings, "it does not follow that they have a constitutional right to be represented by a particular law firm for a particular fee agreed upon in advance." *See Rosenblum v. United States,* 549 F.2d 1140, 1146 (8th Cir.), *cert. denied,* 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977); *cf. Association of National Advertisers, Inc. v. FTC,* 565 F.2d 237, 240 (2d Cir. 1977) (expense of administrative proceeding precluding proper preparation not sufficiently irreparable to give interlocutory jurisdiction to district jurisdiction).

Appeal dismissed; leave to appeal under 28 U.S.C. § 1292(b) denied for lack of jurisdiction.