ESTATE OF DELLA WALKER VAN LOBEN SELS, DECEASED, WELLINGTON S. HENDERSON, SR., AND BROOKS WALKER, COEXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 30439-81.    Filed January 9, 1984.

*Hart H. Spiegel,* for the petitioner.
*G. J. Beaudoin,* for the respondent.

### ·OPINION

HAMBLEN, *Judge*: This matter is before the Court on petitioner's motion for continuance under Rule 134[1] filed on November 9, 1983, and petitioner's motion for order compelling attendance at deposition pursuant to subpoena duces tecum under Rule 75(d) filed on November 25, 1983. Respondent opposes each of said motions.

Pursuant to·notice, a hearing on both motions was held on November 30, 1983, in Washington, D.C. Counsel for both parties appeared at the hearing and presented argument. In addition, various memoranda have been filed by each party setting forth their respective positions as to each motion.

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

The main case involves respondent's determination of a deficiency in the amount of $2,446,096 in petitioner's estate tax. The central dispute therein is the value of various undivided minority interests in certain timberlands in California as of February 10, 1978, the date of decedent's death. The large amount of money and the complex valuation issues involved require the use of expert witnesses by both parties.

Considering each of petitioner's motions separately, we turn first to the motion to compel attendance at depositions. The proposed deponents are John Miles, Stan Richards, and Harold Bowman (hereinafter Miles, Richards, and Bowman, respectively). Miles and Richards are employees of an independent appraisal firm hired by respondent and are authors of an appraisal in which they have rendered an opinion as to the fair market value of certain land and timber in which petitioner-estate holds an undivided minority interest. Bowman has been retained by respondent as an expert witness on the subject of the proper methodology to be used in valuing land and timber as an undivided minority interest. In addition, petitioner alleges that Bowman has personal knowledge regarding a transaction used by Miles and Richards as a comparable sale in preparing their appraisal of the timberlands in issue here. Respondent intends to use Bowman as an expert witness in the field of timber appraisal and as a rebuttal witness to certain contentions raised by petitioner's experts as to the propriety of Miles and Richards' use of the comparable sales method of valuation.

By notice of depositions pursuant to subpoena duces tecum, all three of the potential deponents were originally noticed for deposition on November 30 and December 1, 1983. Petitioner argues that the depositions are necessary due to the divergence of opinion which is apparent between the parties' expert witnesses as to the methodology to be employed in valuing undivided minority interests in timberlands. As presented by petitioner's counsel, respondent's experts basically adopt a percentage method of valuation, i.e., the overall value of a property is established and then is simply multiplied by the percentage of the minority interest therein. Petitioner's experts, by contrast, assert that undivided interests in timber are not readily salable and, therefore, a strict percentage approach to valuation should be rejected in favor of valuation based on

projections of an income stream. Petitioner asserts its need to depose respondent's expert witnesses not as to the application of their valuation methodology, but as to the appropriateness of that methodology, itself. Petitioner claims a particular need to depose respondent's expert witnesses as to the factors considered in their use of the comparable sales method in valuing undivided interests in timber and timberlands.

Respondent protested the taking of these depositions in their entirety on the ground that Rule 75 does not permit the deposing of an opposing party's expert witnesses. As respondent interprets Rule 75, depositions of expert witnesses are available only through the consensual provisions of Rule 74. The only other discovery method available where experts are involved is the interrogatory procedure of Rule 71(d). Thus, respondent believes that the deposing of the party's expert witness is never permissible under the compulsory deposition rule of Rule 75.

Resolution of this dispute, and our decision whether to grant petitioner's motion to compel attendance at depositions, depends on an interpretation of Rule 75. To understand this Rule in its proper context, a brief history of the use of depositions in cases before this Court is helpful. Prior to May 1, 1979, depositions for discovery purposes were not authorized before this Court absent the consent of the parties. See Rules 70(a)(1), 74. Without this consent, depositions could be used only for purposes of perpetuating or preserving evidence. See Rules 81, 82, 83. Our Note to Rule 70(a)(1), effective January 1, 1974, 60 T.C. 1069, 1097, commented on the earlier Rules while introducing limited discovery in forms such as interrogatories and document production. We noted:

> The present [now former] Tax Court Rules have no provisions on discovery. While there are provisions in the present Rules on depositions, they have not seen extensive use, and in practice generally have been limited to special circumstances, as where witnesses have not otherwise been available.

A more liberal availability of depositions for discovery purposes was adopted by Rule 74, effective May 1, 1979. For the first time under the Rules of this Court, Rule 74 permitted consensual discovery depositions to be taken. While allowing the use of this discovery tool, we were careful in our Note to

the Rule to reinforce our intention "to avoid the excessive and abusive use of discovery depositions." 71 T.C. 1177, 1194–1195.

Rule 75, effective for pending or future cases as of January 4, 1983, goes beyond the scope of Rule 74 in that Rule 75 permits compulsory discovery depositions to be taken without the consent of the parties. However, the circumstances under which nonconsensual depositions will be ordered are very limited and are carefully set forth in the Rule itself. See 79 T.C. 1135, 1140. Rule 75 provides in relevant part:

(b) Availability: The taking of a deposition of a non-party witness under this Rule is an extraordinary method of discovery and may be used only where a non-party witness can give testimony or possesses documents or things which are discoverable within the meaning of Rule 70(b) and where such testimony, documents, or things practicably cannot be obtained through informal consultation or communication (Rule 70(a)(1)) or by a deposition taken with consent of the parties (Rule 74). If such requirements are satisfied, a deposition may be taken under this Rule, for example, where a party is a member of a partnership and an issue in the case involves an adjustment with respect to such partnership, or a party is a shareholder of an electing small business corporation (as defined in Code Section 1371(b)) and an issue in the case involves an adjustment with respect to such corporation.

In order to avail itself of Rule 75, therefore, petitioner must pass the threshold requirement that the information it seeks to discover is discoverable within the meaning of Rule 70(b). The scope of permissible discovery from opposing expert witnesses is not specified in the aforementioned Rules governing depositions. However, Rule 71(d) clearly delineates the borders of discoverable information in regard to experts. Speaking in the context of interrogatories, Rule 71(d)(1) provides:

By means of written interrogatories in conformity with this Rule, a party may require any other party (i) to identify each person whom the other party expects to call as an expert witness at the trial of the case, giving his name, address, vocation or occupation, and a statement of his qualifications, and (ii) to state the subject matter and the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each such opinion, or, in lieu of such statement to furnish a copy of a report of such expert presenting the foregoing information.

The limited scope of discovery of information pertinent to expert witnesses anticipates discovery only from the opposing

party. It does not extend to nonparty witnesses, and Miles, Richards, and Bowman are not parties to the case now before us. Therefore, the information sought by petitioner would not be discoverable *from the proposed deponents* under the interrogatory mechanism of Rule 71. Any reading of Rule 75 to allow this discovery under the deposition mechanism would create the anomalous result of permitting discovery under the more restrictive rule of that which is prohibited under the more lenient procedure. What could not be accomplished through interrogatories, therefore, could be achieved through the extraordinary means of compulsory depositions. We refuse to interpret Rule 75 to create this result.[2] Therefore, petitioner's motion to compel attendance at depositions pursuant to subpoena duces tecum has been denied.

We turn now to consideration of petitioner's motion for continuance of trial under Rule 134. Rule 134 permits the Court to grant a continuance where a motion for same is timely, sets forth good and sufficient cause, and complies with all applicable Rules. Petitioner requests a continuance on grounds including that the focusing on the matter of valuation methodology as a central issue in the case has occurred only relatively recently, i.e., as of the mid-1983 exchange of conflicting initial reports prepared by expert witnesses for each party. Petitioner believes that more time is needed, in light of the conflict between experts, to consult with additional experts and potential witnesses. Furthermore, because of other commitments by appraisers for both parties, current information as to the timber volumes involved in this case is not yet available. Petitioner expects, as does this Court, that such information can be shortly forthcoming and can provide a basis for stipulation as to the issue of timber volume.

We have considered respondent's objections to a continuance. However, in light of the facts that no prior continuances have been requested and a bona fide need for the current continuance has been demonstrated to our satisfaction, we

---

[2]In so doing, we note that the complex discovery provisions relating to experts in the Federal Rules of Civil Procedure are here inappropriate for purposes of litigation in this Court. See 60 T.C. 1101 (1973). Where our Rules are not substantially the same as the Federal rules, we need not look to the Federal rules for guidance in interpreting our own Rules. See *Stern v. Commissioner,* 74 T.C. 1075, 1084 (1980); Rule 1(a). Therefore, we are not bound by Rule 26, F.R.C.P., or by related decisions thereunder, and arguments as to the merits of such decisions are inappropriate and not controlling of our decision here.

find respondent's arguments unpersuasive. Therefore, petitioner's motion for continuance of trial has been granted.
To reflect the foregoing,

*An appropriate order has been issued.*