CLARENCE K. HOWE and MARGARET C. HOWE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howe v. Commissioner
Docket No. 9294-82.
United States Tax Court
T.C. Memo 1985-213; 1985 Tax Ct. Memo LEXIS 421; 49 T.C.M. (CCH) 1396; T.C.M. (RIA) 85213; May 2, 1985. Herbert L. Zuckerman, for the petitioners. Francis J. Strapp, Jr., for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson for trial or other disposition pursuant to the provisions of section 7456 [1] and Rule 1802 [2] et seq., Tax Court Rules of Practice and Procedure.
This case is presently before the Court on petitioners' motion to compel the taking of deposition under Rule 75(d) and Rule 83 filed on October 24, 1984. Respondent filed his objections to motion to compel the taking of deposition *422 and a memorandum in support of his position on November 29, 1984. The substantive issues of this case involve the deductibility of losses claimed by petitioners in connection with their ownership of interests in a coal mining venture. In particular, one issue concerns the fair market value and economic feasibility of the venture. In order to assist in the appraisal and evaluation of the venture, respondent retained the services of an independent expert, Mr. William F. Bates, whom petitioners seek to depose. Initially on April 26, 1984, petitioners requested that respondent consent to the depositions of Bates and respondent's two other experts, Roland G. Soil and Walter Jones. Respondent refused to consent to these depositions. Subsequently, by notice of deposition pursuant to subpoena duces tecum, Bates was noticed for deposition on October 15, 1984. Petitioners argue that the deposition is necessary to the timely preparation of the case for trial and will reduce the time necessary to try the case by increasing the opportunity for stipulation of facts and documents. Respondent objects to the taking of the deposition on the ground that Rule 75 does not permit deposition of an *423 opposing party's expert witness. Respondent maintains that depositions of expert witnesses are available only through the consensual provisions of Rule 74. In Estate of Van Loben Sels v. Commissioner,82 T.C. 64 (1984) we considered the limited circumstances under which compulsory depositions will be ordered. Such depositions are available only as provided in Rule 75(b). Estate of Van Loben Sels v. Commissioner,supra at 68. Rule 75(b) requires that petitioner must first pass the threshold requirement that the information sought is discoverable within the meaning of Rule 70(b). Rule 70(b) does not provide specific rules regarding the permissible scope of discovery from opposing expert witnesses. However, in Estate of Van Loben Sels v. Commissioner,supra, we looked to Rule 71(d)(1) which specifies the information which can be discovered from an opposing party regarding the expected testimony of expert witnesses. [3] In that case we concluded that Rule 75 cannot be interpreted to permit by the extraordinary means of compulsory *424 depositions that which cannot be accomplished through the more lenient procedures for interrogatories, supra at 69. Under Rule 71(d)(1) the scope of discovery of information pertinent to expert witnesses only includes discovery from the opposing party and not directly from the expert, supra. Thus, we concluded that Rule 75 does not permit compulsory deposition of expert witnesses because the information sought cannot be elicited from them under Rule 71. *425 Petitioners argue that our holding in Estate of Van Loben Sels v. Commissioner is erroneous. They maintain that depositions under both Rules 74 and 75 are subject to the scope limitations of Rule 70(b). Therefore, they contend that there is no justification for allowing consensual deposition of experts while prohibiting compulsory depositions as outside the scope of Rule 70(b). However, Rule 75 specifically states that a compulsory deposition is an extraordinary method of discovery. It may be used only where the non-party witness can give testimony or possesses documents or things which are discoverable within the meaning of Rule 70(b). This restrictive language does not appear in Rule 74. Thus, there is ample reason to interpret the scope of discovery more narrowly in the case of depositions under Rule 75. Accordingly, petitioners may not take the deposition of respondent's expert witness. Petitioners argue in the alternative that an order compelling the deposition is available under Rule 83. *426 Rule 83 allows the taking of depositions upon approval or direction of the Court after trial has commenced. Petitioners urge us to calendar the case for trial, order the deposition pursuant to Rule 83 and then continue the case generally for further trial preparation. Petitioners' request is a clear attempt to circumvent the discovery provisions of our rules. Rule 80 clearly states that depositions under Title VIII (Rules 80 through 85) may be taken only for the purpose of making testimony or any document or thing available as evidence. Depositions for discovery purposes may be taken only in accordance with Rules 74 and 75. Petitioners are clearly attempting to depose respondent's expert for discovery purposes. Therefore, Rule 83 is not applicable in the instant case. For the reasons set forth above, petitioners' motion to compel the taking of deposition under Rules 75(d) and 83 will be denied. An appropriate order will be entered.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Rule 71(d)(1) limits discovery to identifying each person whom the other party expects to call as an expert witness at the trial of the case, by giving his name, address, vocation or occupation, and a statement of his qualifications, and to state the subject matter and the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each such opinion. In lieu of such a statement, a copy of the expert's report may be furnished. Also see the note to this rule, 60 T.C. 1101↩ (1973), which states that the complex discovery provisions relating to experts in the Federal Rules are considered inappropriate for purposes of litigation in this Court.