NICK DELUCIA, JR., AND MADELINE A. DELUCIA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 22090-83.          Filed October 20, 1986.

*James K. O'Malley*, for the petitioners.
*Edward F. Peduzzi, Jr.*, for the respondent.

## OPINION

CHABOT, *Judge*: This matter is before us on respondent's motion to compel deposition of petitioner Nick DeLucia, Jr., under Rule 75.[1]

Respondent determined deficiencies in Federal individual income taxes against petitioners for 1974, 1975, and 1976, in the amounts of $1,820.39, $35,190.29, and $1,635.00, respectively. Respondent also determined that petitioner Nick DeLucia, Jr. (but not petitioner Madeline A. DeLucia), is liable for additions to tax under section 6653(b)[2] (fraud, etc.) in the amounts of $910.20, $17,595.15, and $817.50 for these years. On April 17, 1985, this Court ordered, in response to respondent's motion for summary judgment filed April 3, 1985: (1) That respondent's motion is granted insofar as it relates to petitioner Nick DeLucia, Jr.; (2) that respondent's motion is granted insofar as it relates to petitioner Madeline A. DeLucia, in that it is established that there are deficiencies in income tax for the years and in the amounts set forth in the statutory notice of deficiency, that some part of each of these deficiencies is due to the fraud of petitioner Nick DeLucia, Jr., that the statute of limitations is not a bar to the assessment of any of these deficiencies, and that petitioners failed to report income on their tax returns for the years in the amounts and from the sources referred to in respondent's request for admissions; and (3) that respondent's motion is denied, but only insofar as it seeks to preclude petitioner Madeline A. DeLucia from further contending that she is entitled to relief under section 6013(e) (innocent spouse rule) from liability for any part or all of the deficiency for each of the years in issue.

The issues for decision on respondent's motion to compel deposition are as follows:

(1) Whether petitioner Nick DeLucia, Jr., is a nonparty witness for purposes of Rule 75, in view of the fact that the order granting partial summary judgment resolves all issues against this petitioner, and

---

[1]Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue. See note 7 *infra*.

(2) If petitioner Nick DeLucia, Jr., is a nonparty witness for purposes of Rule 75, then whether respondent's motion to compel deposition should be granted on grounds that the use of this "extraordinary method of discovery" is warranted in the instant case.

When the petition was filed in the instant case, petitioner Nick DeLucia, Jr. (hereinafter sometimes referred to as Nick), resided in Montgomery, Pennsylvania, and petitioner Madeline A. DeLucia (hereinafter sometimes referred to as Madeline) resided in Pittsburgh, Pennsylvania. Nick and Madeline were married during the years in issue, but were divorced in 1981.

During 1974, 1975, and 1976, Nick derived income from the operation of massage parlors and related activities. During these years, petitioners reported on their joint income tax returns Nick's wages as a fireman, interest, and management fees, but failed to report Nick's income derived from the operation of massage parlors and related activities.

In the criminal case of *United States v. Nicholas A. DeLucia, Jr.*, Criminal No. 80-24 (W.D. Pa. 1980), the grand jury charged in Count Two of the indictment that Nick violated section 7201 for 1975 by attempting to evade most of his income tax liability. The grand jury charged that his income tax liability was $35,675.46, and that his taxable income was $84,233.56. For 1975, petitioners had reported taxable income of $3,912.76 and a tax liability of $485.17. On February 10, 1981, Nick entered a plea of guilty to Count Two of the indictment. A judgment of conviction was pronounced and a sentence of 5 years incarceration was imposed on Nick on that same day.

On April 29, 1983, respondent issued to petitioners a notice of deficiency for 1974, 1975, and 1976 determining the above-described deficiencies and additions to tax. Petitioners filed their petition on July 28, 1983, disputing the asserted deficiencies and additions to tax on grounds that (1) the deficiencies were based on additional income as shown in a sealed grand jury indictment, (2) there is no evidence to support the deficiencies, and (3) the Commissioner has not taken into account any nontaxable sources of income in computing the deficiencies. Respondent filed his answer on September 26, 1983, further alleging the facts upon which

his determination of the deficiencies and additions to tax is based.

On January 4, 1985, respondent notified petitioners that a conference had been arranged for January 9, 1985, pursuant to which respondent and petitioners were to consult and communicate informally in accordance with the Tax Court's Rules of Practice and Procedure before their trial, which was scheduled for a trial session starting on April 15, 1985. In the "*Branerton* letter",[3] respondent stated that "if the above conference date or time is unsuitable, please contact me in order to arrange for another date or time." Petitioners failed to attend this conference, failed to contact respondent as to this conference, and failed to furnish respondent with the requested information and documentation.

On January 10, 1985, respondent served petitioners with (1) Respondent's First Request for Admissions, (2) Respondent's First Set of Interrogatories, and (3) Respondent's First Request for Production of Documents. Petitioners failed to respond to respondent's request for admissions. On February 27, 1985, respondent filed with this Court a Motion to Compel Production of Documents and Responses to Respondent's Interrogatories. Petitioners failed to file an objection thereto, and on March 26, 1985, this Court granted respondent's motion and ordered petitioners to produce documents and answer interrogatories by April 5, 1985. This Court also ordered that, if petitioners failed to comply with the foregoing order, then they were to show cause at the April 15, 1985, Pittsburgh trial session why the Court should not impose sanctions against them pursuant to Rule 104, which may include dismissal of this case and entry of a decision against them.

On April 3, 1985, respondent filed respondent's motion for summary judgment, a memorandum brief of respondent in support of respondent's motion for summary judgment, and an affidavit.

At a hearing held on April 17, 1985, with respect to respondent's motion for summary judgment, this Court ordered, in pertinent part, as follows:

---

[3]See *Branerton Corp. v. Commissioner*, 61 T.C. 691 (1974).

ORDERED that respondent's motion for summary judgment, filed April 3, 1985, is granted insofar as it relates to petitioner Nick Delucia. A decision shall be entered in due course. It is further

ORDERED that petitioner's oral motion to relieve Madeline A. Delucia of the effects of Admission No. 11[4] is granted and petitioner Madeline A. Delucia, pursuant to Rule 90(e) * * * is hereby relieved of the effects of deemed Admission No. 11 of respondent's First Request for Admissions, served upon petitioners January 10, 1985. It is further

ORDERED that respondent's motion for summary judgment, filed April 3, 1985, is granted in part and denied in part insofar as it relates to petitioner Madeline A. Delucia as follows: Respondent's said motion is granted in that it is established that (apart from the possible effect of Section 6013(e) * * * ) there are deficiencies in income tax for the years and in the amounts set forth in the statutory notice of deficiency, that some part of each of these deficiencies is due to the fraud of petitioner Nick Delucia, that the statute of limitations is not a bar to the assessment of any of these deficiencies, and that petitioners failed to report income on their tax returns for the years in issue in the amounts and from the sources referred to in respondent's request for admissions; Respondent's said motion is denied but only insofar as it seeks to preclude petitioner Madeline A. Delucia from further contending that she is entitled to relief under Section 6013(e) from liability for any part or all of the deficiency for each of the years in issue. * * *

The Court's order to show cause was modified and, in compliance therewith, on May 31, 1985, Madeline served answers to respondent's interrogatories on respondent; she stated therein that she did not possess any documents of the sort that were required to be produced.

On August 28, 1986, respondent served on petitioners a notice of deposition under Rule 75, stating respondent's intention to depose Nick on September 11, 1986.[5] Petitioners objected to the deposition on September 10, 1986, on grounds that (1) Nick is a party to this proceeding and (2)

---

[4]Admission No. 11 of respondent's first request for admissions states as follows:

11. Petitioner Madeline A. DeLucia, in signing the joint returns for the years 1974, 1975, and 1976, knew or had reason to know of: (a) the income-producing activities of petitioner Nick DeLucia, Jr. in the operation of massage parlors and related activities; (b) that income derived from these sources was not reported on their respective joint returns for the years 1974, 1975, and 1976; (c) that the amounts derived from the operation of massage parlors and related activities were not reported to their return preparer for the years 1974, 1975, and 1976; and (d) the failure to report these amounts resulted in a substantial understatement of the joint tax liability of Nick and Madeline DeLucia for the years 1974, 1975, and 1976.

[5]Rule 75(d) provides that objections to a notice of deposition are to be served within 15 days after service of the notice of deposition. In view of (1) our disposition of respondent's motion to compel deposition, and (2) the fact that no objection has been raised in this proceeding relating to the appropriateness of scheduling a deposition only 14 days after service of the notice of deposition, we leave for another day any ruling as to the possible effects of this shortened time period.

the Tax Court rules do not provide for the deposition of a party.[6] As a result of this objection, respondent, on September 12, 1986, filed a motion to compel deposition with this Court. This motion sets forth the following reasons as to why respondent believes his motion should be granted:

11. All informal consultations with counsel for Madeline A. DeLucia proved to be unfruitful, inasmuch as counsel for Madeline A. DeLucia reiterated that Madeline DeLucia had no documents, had no records, that all records were in the custody of the United States Attorney who had conducted the Grand Jury, and that Madeline A. DeLucia was an innocent spouse.

12. Thus, on August 28, 1986, respondent, fully cognizant of the fact that a deposition under Rule 75 is an extraordinary discovery device, but believing that Nicholas A. DeLucia, Jr. is the only source of information available which could shed light on the matter concerning the innocent spouse status of Madeline A. DeLucia in the above-captioned case, issued his Subpoena and Notice of Deposition under Rule 75, directing Nicholas DeLucia, Jr. to appear * * * and there to testify on behalf of the Commissioner of Internal Revenue in the above-entitled case. * * *

* * * * * * *

16. It is submitted that Nick DeLucia, Jr. is no longer a party to this case, inasmuch as all issues concerning him have been concluded.

17. Nick DeLucia, Jr. remains one of the primary sources and probably the best source of information concerning the status of Madeline A. DeLucia in the years 1974 through 1976, concerning her knowledge, participation, awareness and benefits attending the non-reporting of items of income on their respective joint returns for the years 1974 through 1976.

This matter is before the Court on respondent's motion to compel deposition pursuant to Rule 75, filed on September 12, 1986. Petitioners oppose this motion.

The only substantive issue remaining in the underlying case is the question whether Madeline is entitled to relief from liability for tax under section 6013(e), the "innocent spouse" provision. As previously noted, this Court granted partial summary judgment in favor of respondent with respect to Nick's liability for the deficiencies and the additions to tax under section 6653(b).

Rule 75, effective for pending or future cases as of January 4, 1983, permits compulsory discovery depositions

---

[6]We assume petitioners are referring to Rule 75, since Rule 74 clearly authorizes the taking of a party's deposition if that party so consents.

of nonparty witnesses to be taken without the consent of the parties. However, the circumstances under which nonconsensual depositions will be ordered are very limited and are carefully set forth in the Rule itself. See 79 T.C. 1135, 1140. Rule 75 provides in relevant part as follows:

RULE 75. DEPOSITIONS FOR DISCOVERY PURPOSES—WITHOUT CONSENT OF PARTIES IN CERTAIN CASES

(a) When Depositions May Be Taken: After a notice of trial has been issued or after a case has been assigned to a Judge or Special Trial Judge of the Court, and within the time for completion of discovery under Rule 70(a)(2), any party may, without leave of Court, take a deposition for discovery purposes of a non-party witness in the circumstances described in paragraph (b) of this Rule.

　　*　　*　　*　　*　　*　　*　　*

(b) Availability: The taking of a deposition of a non-party witness under this Rule is an extraordinary method of discovery and may be used only where a non-party witness can give testimony or possesses documents or things which are discoverable within the meaning of Rule 70(b) and where such testimony, documents, or things practicably cannot be obtained through informal consultation or communication (Rule 70(a)(1)) or by a deposition taken with consent of the parties (Rule 74). If such requirements are satisfied, a deposition may be taken under this Rule, for example, where a party is a member of a partnership and an issue in the case involves an adjustment with respect to such partnership, or a party is a shareholder of an electing small business corporation (as defined in Code Section 1371(b)) and an issue in the case involves an adjustment with respect to such corporation.

(c) Notice: A party desiring to take a deposition under this Rule shall give notice in writing to every other party to the case and to the non-party witness to be deposed. The notice shall state that the deposition is to be taken under Rule 75 and shall set forth the name of the party seeking the deposition, the name and address of the person to be deposed, the time and place proposed for the deposition, and the officer before whom the deposition is to be taken. * * *

In order to avail himself of Rule 75, respondent must pass the threshold requirement that the person he wishes to depose is a "non-party witness" within the meaning of Rule 75(a).

Respondent contends that Nick "is no longer a party to this case, inasmuch as all issues concerning him have been concluded" by virtue of this Court's order granting partial summary judgment. The logical inference from respondent's contention is that if Nick is no longer a party to this

proceeding, he may be a nonparty witness for purposes of Rule 75.

Petitioners object to the taking of the deposition under Rule 75 on grounds that Nick remains a party to this proceeding, notwithstanding that all issues as apply to him have been resolved. Thus, argue petitioners, because Nick continues to be a party and Rule 75 does not apply to party deponents, respondent's motion must be denied.

We agree with petitioners.

When we granted to respondent summary judgment with respect to Nick, thereby concluding that Nick was liable for the deficiencies and additions to tax determined by respon-dent, we stated that: "A decision shall be entered in due course."

There is no dispute that Nick and Madeline filed a joint petition to commence the instant case and that both of them thereby became parties in the instant case. See Rule 61(a); see also Rule 60(a)(1).

Nothing has happened to change Nick's status as a party. No severance order has been issued under Rule 61(b) or Rule 62. No decision has been entered as to Nick.[7] Nick is not permitted to appeal the summary judgment order because it is interlocutory and therefore not final. *Shapiro v. Commissioner*, 632 F.2d 170 (2d Cir. 1980).[8]

Accordingly, Nick remains a party in the instant case.

Rule 75 applies only to nonparty witnesses. Since Nick still is a party in the instant case, the literal language of Rule 75 precludes the application of that Rule to Nick.

In *Nordstrom v. Commissioner*, 50 T.C. 30 (1968), a petition was filed by husband and wife petitioners. Respondent moved to dismiss the case with regard to taxpayer-husband, for lack of prosecution, and to determine the

---

[7]Sec. 7459(c) provides, in relevant part, as follows:

SEC. 7459. REPORTS AND DECISIONS.

(c) DATE OF DECISION.—A decision of the Tax Court (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court * * *

The references to sec. 7459(c), and the section references that appear hereinafter, are to sections of the Internal Revenue Code of 1954 as in effect on the date this opinion is filed. See note 2 *supra*.

[8]Sec. 1558 of H.R. 3838, the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2757, overruling *Shapiro v. Commissioner*, 632 F.2d 170 (2d Cir. 1980), applies to orders entered after the date of enactment of this act. Even then, the new statutory provision would give the Courts of Appeals only a limited discretionary authority to entertain interlocutory appeals.

deficiencies and additions to tax due from taxpayer-husband. Respondent argued that his motion should be granted because (1) taxpayer-husband had died, (2) his will would not be probated, (3) no special representative would be appointed to act on his estate's behalf, and (4) a settlement stipulation had been executed by taxpayer-wife and respondent which determined the wife's liability for deficiencies and additions to tax in the same amounts as those asserted against taxpayer-husband. We concluded in *Nordstrom* as follows (50 T.C. at 32):

The foregoing [precedent] makes it clear that the Court's jurisdiction over a case continues unimpaired by the death of a petitioner and even though there is no personal representative appointed to act in the place and stead of the decedent. *And if our jurisdiction continues, then there must be a procedural means to bring the case to a close.*

Such a means, it seems to us, is the device of having the respondent move to dismiss the case for lack of prosecution. Under section 7459(d) * * * , if the Court dismisses a case, its decision—

dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary or his delegate. An order specifying such amount shall be entered in the records of the Tax Court * * * .

The impact of that statutory provision is, of course, that a dismissal for lack of prosecution will bring the case to a close in this Court.

[Emphasis added.]

Accord *Estate of Ming v. Commissioner*, 62 T.C. 519, 521 (1974) (" 'a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy.' ")

As in *Nordstrom*, this Court will not lose jurisdiction over Nick merely because all issues surrounding Nick's tax liability were resolved when this Court granted, in part, respondent's motion for summary judgment. Rather, this case involves joint petitioners, and one issue concerning Madeline's tax liability has yet to be resolved. Thus, no decision is to be entered pursuant to section 7459(c) as respects Nick's liability until a determination is made regarding Madeline's liability, as well.

There are additional reasons why Nick is to be considered a party to this proceeding. As was already stated above, this Court retains jurisdiction over a party through the time that a decision is entered with regard to that party

pursuant to section 7459(c). More importantly, the entry of decision is the event that triggers certain rights of the party under the Internal Revenue Code and the Rules of this Court. For example, upon the entry of decision, a party will be able to move to vacate or revise this Court's decision (Rule 162). The entry of decision triggers the 90-day period in which the party may appeal the Tax Court's decision (sec. 7483; Rule 190(a)). The Internal Revenue Service may not make any assessment or levy as to the taxes owed by a party until this Court's decision has become final pursuant to section 7481 (secs. 6213(a), 6331(a)). Nor can any lien arise until the Service is permitted to make the assessment of the taxes owed by the party as determined by this Court in its decision (sec. 6322). Thus, even after this Court enters its decision, a party maintains his or her status as a party for other Internal Revenue Code provisions.

Nothing in the policy giving rise to Rule 75 would be served by treating Nick as "a non-party witness" for purposes of Rule 75. Rules 71, 72, and 74 apply to parties. Rule 75 is an extraordinary method of discovery. The Court's purpose in adopting Rule 75 is described as follows in the Rules Committee's notes (79 T.C. at 1141-1142):

Under the Rule, a discovery deposition may be taken only of a witness who is not a party to the case; the deposition of a party may be taken only upon consent of all parties under Rule 74. The new Rule 75 provides an extraordinary method of discovery which may be used only where the information sought cannot be obtained by informal consultation or by other discovery methods. For example, if the other requirements of the Rule are satisfied, a deposition might be taken under the Rule in a case involving the tax liability of a limited partner who does not have access to the books and records of the partnership, or where a bank or other person possesses records which are relevant to the tax liability of a party and are otherwise unavailable.

It does not appear that any purpose would be served by deposing Nick except to get Nick's testimony before the trial. In the context of the instant case, this is not the sort of purpose for which Rule 75 was adopted. As the above-quoted Rules Committee note indicates, "the deposition of a party may be taken only upon consent of all parties under Rule 74." If we were to ignore the literal language of Rule 75 in order to permit respondent to depose Nick, we would merely be assisting respondent in circumventing both the

literal language and the carefully limited objectives of our discovery rules. See *Estate of Van Loben Sels v. Commissioner*, 82 T.C. 64, 68-69 (1984).[9]

> *An appropriate order will be issued denying respondent's motion to compel deposition.*

---

[9]See also *Howe v. Commissioner*, T.C. Memo. 1985-213.

