CALVIN KOVENS AND ROZ M. KOVENS, PETITIONERS v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5435-82.          Filed July 20, 1988.

*Harvey M. Silets, Steven S. Brown,* and *Royal B. Martin, Jr.,* for the petitioners.
*Thomas R. Ascher,* for the respondent.

OPINION

GERBER, *Judge:* Petitioners, by a motion dated April 6, 1988, seek an interlocutory appeal pursuant to section 7482(a)(2) and Rule 193.[1] In a recent opinion (*Kovens v. Commissioner,* 90 T.C. 452 (1988)), we denied petitioners' motion to dismiss for lack of jurisdiction. In that motion, petitioners maintained that respondent's notice of deficiency was untimely. Petitioners argued that the Form 872-A agreement extending the assessment period should be considered terminated when petitioners mailed their Form 872-T. The terms of the Form 872-A required that respondent receive the Form 872-T to terminate the Form 872-A agreement. Petitioners argued they were entitled to this extraordinary relief because respondent "intentionally or negligently" made the Form 872-T unavailable to them. The Form 872-T is the only means through which taxpayers can terminate an outstanding Form 872-A agreement. The other means of termination are solely within respondent's control.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as amended and in effect during the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

In their motion, petitioners argued that respondent had a contractual obligation to timely provide them with a Form 872-T to terminate the Form 872-A agreement. Petitioners contended, further, that because respondent breached this obligation they were relieved of their contractual obligation to provide respondent with a Form 872-T before the Form 872-A agreement could be considered terminated. After consideration of petitioners' argument, based on the record before us, we held that the facts did not support the finding that respondent breached an obligation to provide petitioners with a Form 872-T. Consequently, petitioner's motion to dismiss for lack of jurisdiction was denied. It is with reference to this opinion that petitioners seek an appeal pursuant to section 7482(a)(2).

Section 7482(a)(2) provides as follows:

(A) IN GENERAL.—When any judge of the Tax Court includes in an interlocutory order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals may, in its discretion, permit an appeal to be taken from such order, if application is made to it within 10 days after the entry of such order. Neither the application for nor the granting of an appeal under this paragraph shall stay proceedings in the Tax Court, unless a stay is ordered by a judge of the Tax Court or by the United States Court of Appeals which has jurisdiction of the appeal or a judge of that court.

(B) ORDER TREATED AS TAX COURT DECISION.—For purposes of subsections (b) and (c), an order described in this paragraph shall be treated as a decision of the Tax Court.

(C) VENUE FOR REVIEW OF SUBSEQUENT PROCEEDING.—If a United States Court of Appeals permits an appeal to be taken from an order described in subparagraph (A), except as provided in subsection (b)(2), any subsequent review of the decision of the Tax Court in the proceeding shall be made by such Court of Appeals.

Prior to 1986, this Court did not have the authority to issue an interlocutory order; such authority was possessed by the U.S. District Courts. See *Shapiro v. Commissioner*, 632 F.2d 170 (2d Cir. 1980). To remedy this situation, Congress enacted section 7482(a)(2).[2]

---

[2]In the opinion of the staff of the Joint Committee on Taxation, Congress believed it was appropriate that a party be able to pursue an appeal from an interlocutory order in Tax Court litigation, parallel to the procedure available for district court litigation. Staff of Joint Comm.

Section 7482(a)(2) permits this Court to certify for appeal orders that involve a controlling question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation.[3] This procedure is an exception to the "final judgment rule."

The "final judgment rule" was the rule prior to the statutory creation of interlocutory appeals. Under this rule, an appeal lies only from a final decision of the District Courts, except when direct appeal to the Supreme Court of the United States is provided.[4] 28 U.S.C. sec. 1291 (1948). To modify the undesirable results sometimes experienced through the application of the "final judgment rule," some limited exceptions were provided. Such modification of the "final judgment rule" resulted from the recognition that in some situations the traditional view of efficiency which forms the basis of the "final judgment rule" must yield to other goals of appellate review. The exceptions to this rule are set forth in 28 U.S.C. secs. 1292(a) (1986)[5] and 1292(b) (1986), and section 7482(a)(2). The exceptions permit the review of orders other than final judgments when the orders have a final and irreparable effect on the rights of the parties. The primary goals sought to be achieved through these exceptions are (1) to alleviate hardship by providing an opportunity to review orders of the trial court before they irreparably modify the rights of litigants; (2) to provide supervision of the development of the law by providing a mechanism for resolving conflicts among trial courts on issues not normally open on final appeal; and (3) to avoid waste of trial time at the trial court level through an

on Taxation, General Explanation of the Tax Reform Act of 1986, at 1305. (J. Comm. Print 1987). We have no reason to challenge this conclusion.

[3]After certification of an interlocutory order is granted by the trial court, the Court of Appeals determines if the appeal will be granted. Denial or grant of the appeal is within the Court of Appeals' discretion and denial can be for reasons such as a congested appellate docket or the desire to have a full record before considering the disputed legal issue. See Hearings on H.R. 6238 and H.R. 7260 Before Subcomm. of the House Comm. on the Judiciary, 85th Cong., 2d Sess. 21 (1958).

[4]The final judgment rule is believed to eliminate wasteful delay at the trial court level and provide a more complete record for a consolidated review. The effect of this rule is to disallow appeal from any decision which is tentative, informal, or incomplete.

[5]The three exceptions to the final judgment rule provided in 28 U.S.C. sec. 1292(a) (1951), allow for appeal from interlocutory decisions: (1) Granting or denying preliminary injunctions; (2) creating or continuing receiverships; and (3) determining rights and liabilities in admiralty cases.

opportunity to review orders before fruitless litigation and wasted expense. See Note, "Interlocutory Appeals in the Federal Courts Under 28 U.S.C. Sec. 1292(b)," 88 Harv. L. Rev. 607, 609 (1975).

Our focus here is centered on 28 U.S.C. sec. 1292(b) (1986), and its companion section 7482(a)(2). Because section 7482(a)(2) contains identical language to 28 U.S.C. sec. 1292(a) (1986), and sec. 1292(b) (1986) has an established history, we look to cases and commentary under 28 U.S.C. sec. 1292(b) (1958) for guidance in interpreting section 7482(a)(2). In 28 U.S.C. sec. 1292(b) (1958), authority is granted to the District Courts to certify for interlocutory appeal orders that involve a controlling question of law, as to which there is substantial ground for difference of opinion, and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. The enactment of this section resulted from dissatisfaction with the prolongation of litigation and the resulting harm to the litigants sometimes uncorrectable on appeal. This resulted on occasion from the strict application of the "final judgment rule."

An interlocutory appeal order permits the petitioning party to appeal from such order concerning an intermediate matter rather than a final matter. *Taylor v. Breese*, 163 F. 678, 684 (4th Cir. 1908). Congress, aware of the need to avoid fruitless litigation in exceptional cases and the countervailing need of discouraging frivolous or dilatory appeals, has entrusted the use of 28 U.S.C. sec. 1292(b) (1986) to the wisdom of the judges of the trial courts. The trial court's familiarity with the record and the original order places that court in an advantageous position for certifying whether the order meets the criteria for an interlocutory appeal. Before certifying an order pursuant to section 7482(a)(2) or 28 U.S.C. sec. 1292(b) (1986), the trial judge must verify that the order (1) involves a "controlling question of law," (2) offers "substantial ground for difference of opinion" as to its correctness, and (3) be able, if immediately appealed, to "materially advance the ultimate termination of the litigation." Failure to meet any one of the three requirements is grounds for denial of certification.

Orders qualifying under 28 U.S.C. sec. 1292(b) (1986) and section 7482(a)(2) embrace a small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546 (1949). In determining whether the instant situation under consideration fits within this class, the key consideration is whether the opinion truly implicates the policies which favor such an appeal. Through the creation of interlocutory orders, Congress sought to achieve the avoidance of wasted trial and harm to litigants. Whether the opinion being appealed involves the exercise of discretion is not to be considered during the certification process. See *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 756 (3d Cir. 1974). In reaching its determination, the court also must weigh the policies favoring the "final judgment rule," i.e., the avoidance of piecemeal litigation and dilatory and harassing appeals. See Note, "Discretionary Appeals of District Court Interlocutory Orders: A Guided Tour through Section 1292(b) of the Judicial Code," 69 Yale L.J. 333, 342 (1959). If the avoidance of wasted trials is taken as the sole guide, a multitude of interlocutory opinions will become appealable. This is contrary to the intent of the draftsmen and proponents of 28 U.S.C. sec. 1292(b) (1958) and section 7482(a)(2), who were of the view that interlocutory orders should be granted only in exceptional cases. See 3 U.S. Code Cong. & Admin. News 5255, 5259, 5260-5261 (1958). Such a desire to limit availability of this process to exceptional cases reflects a strong policy in favor of avoiding piecemeal review and its attendant delay and waste of time.

Petitioners contend that our opinion as set forth in *Kovens v. Commissioner,* 90 T.C. 452 (1988), satisfies the requirements necessary for certification of an interlocutory order. For the reasons set forth below we disagree with petitioners.

An opinion is not appealable on the mere ground that it may be erroneous; it must be final. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368 (1981). An interlocutory appeal

is not to be used as a device to second guess the application of facts, as found by the trial court, to the appropriate law. *A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439 (2d Cir. 1966). In the present case, petitioners seek to obtain certification of an interlocutory order for purposes of appealing our decision set forth in *Kovens.*

In *Kovens,* we recognized that the Forms 872-T could be obtained only with some effort on the part of the person seeking to obtain them. We cautioned respondent that steps should be taken to make these forms more readily available. However, we made a factual determination that the record before us did not support a finding that respondent breached an obligation to provide petitioners with Forms 872-T. While we are cognizant of the fact that the procedural argument advanced by petitioners in *Kovens,* if accepted by this Court, would have given petitioners the opportunity to avoid litigation of this case on the merits, we were bound in our findings by the record. The record before us did not support petitioners' claim. The opinion petitioners seek to have certified for an interlocutory appeal does not meet the requirements set forth in section 7482(a)(2).

The requirement that the order contain a "controlling question of law" has been interpreted to mean more than a question which if decided erroneously would lead to a reversal on appeal but entails a question of law which is serious to the conduct of the litigation. See Hearings on H.R. 6238 and H.R. 7260 Before Subcomm. of the House Comm. on the Judiciary, 85th Cong., 2d Sess. 21 (1958). Petitioners have erroneously interpreted this to include decisions of the trial court which are contrary to their desired results which would terminate any possible litigation. We feel compelled to make the distinction here between a clear legal issue and an issue that requires the application of findings of fact to existing law. Petitioners maintain that this Court's interpretation of the Form 872-A agreement and the rights and duties of the parties thereto constitutes a controlling question of law. As set forth in *Kovens,* it is settled law that even though contract principles are significant to understanding the Form 872-A agreement, the agreement is not a contract. Rather, it

constitutes a unilateral waiver of the taxpayer's defense. *Stange v. United States*, 282 U.S. 270 (1931); *Piarulle v. Commissioner*, 80 T.C. 1035, 1042 (1983). Moreover, we found as a matter of fact that even if we should hold that respondent was contractually obligated to provide petitioners with the Form 872-T, that the facts of this case did not support a finding that respondent "intentionally or negligently" breached his obligation.

The "substantial ground for difference of opinion" test has been interpreted by the courts to involve questions that present serious and unsettled legal issues. See *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 547 (1949); *Shapiro v. Commissioner*, 73 T.C. 313 (1979). The situation in this case does not meet this requirement. As we have already stated, the issue of whether contract principles govern the interpretation of a Form 872-A agreement has been settled by the Supreme Court of the United States, this Court, and others.

The final requirement that "an immediate appeal from the order may materially advance the termination of the litigation" is petitioners' strongest argument. The present case involves substantial amounts of money and could result in a lengthy trial.[6] While these facts are factors in petitioners' favor, considered alone they do not justify the dismissal of a case that should be tried on the merits. Petitioners seek to use the appeal of an interlocutory order as a procedural mechanism to avoid having to prove their case on the merits. This is outside the intended purpose of interlocutory orders. When Congress sought to develop a procedure that would avoid unnecessarily long trials it was intended for those cases where it could be determined at an early stage that liability would not be ascertained, even after a lengthy trial. Petitioners' case does not fit within this class. Appeal of an interlocutory order was intended to resolve a legal issue, not to be used as a procedural maneuver.

Petitioners argue that an interlocutory order should be granted because should the reviewing Court of Appeals disagree with our holding as set forth in *Kovens,* the very purpose for permitting interlocutory appeals would be accomplished, i.e., avoiding wasted time and expense litigat-

---

[6]The notice of deficiency involved herein consists of 74 pages, includes taxable years 1971 through 1978, asserts deficiencies in excess of $6 million, and includes 89 adjustments.

ing the merits of the case. This argument ignores the very reason Congress granted the trial courts the power to determine whether the opinion should be certified as an interlocutory order. The trial court generally is better able to assess the future course of the litigation and is familiar with the record.

After consideration of petitioners' arguments in favor of our certifying an interlocutory order and evaluation of the logic and policy supporting both the granting of an interlocutory order and the "final judgment rule," we hold that the opinion under consideration does not meet the requirements of an interlocutory order as set forth in section 7482(a)(2).

To reflect the foregoing,

*An appropriate order will be issued.*