GIBBONS INTERNATIONAL, INC. Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; J. T. GIBBONS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gibbons International, Inc. v. Commissioner
Docket Nos. 22469-85; 22470-85
United States Tax Court
T.C. Memo 1988-466; 1988 Tax Ct. Memo LEXIS 491; 56 T.C.M. (CCH) 328; T.C.M. (RIA) 88466; September 27, 1988
Michael P. Farrell, for the petitioners. Linda K. West, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on petitioners' motion requesting this Court to issue an order under section 7482(a)(2) and Rule 193, [1] entitling petitioners to request the United States Court of Appeals for the Fifth Circuit to accept an interlocutory *492 appeal of the issues decided in this Court's opinion filed December 9, 1987. See Gibbons International, Inc. v. Commissioner,89 T.C. 1156 (1987). In that opinion, we held that petitioner Gibbons International, Inc., did not qualify as a Domestic International Sales Corporation (DISC) under section 991 for its taxable years ending July 31, 1978, 1979, 1980, and 1981, because commissions due from its parent corporation, petitioner J. T. Gibbons, Inc., (Gibbons), were not "paid" within the meaning of section 1.994-l(e)(3), Income Tax Regs.
Under section 1.994-l(e)(3)(ii), Income Tax Regs., the commissions due from Gibbons must have been paid either by cash, by a transfer of property, or by an accounting entry offsetting Gibbons International's commissions receivable against existing debts owed by Gibbons International to Gibbons. Such cash payments, transfers or property, or accounting entries must have occurred no later than 60 days after the close *493 of each taxable year of Gibbons International. Sec. 1.994-l(e)(3)(i), Income Tax Regs.
In our prior opinion, we held that no cash or property was transferred to Gibbons International in payment of the commissions and that no accounting entries were made that satisfied the requirements of the regulation. Gibbons International, Inc. v. Commissioner, supra at 1167-1168. We also rejected petitioners' argument that an agreement obligating Gibbons International to purchase trade receivables from Gibbons caused trade receivables belonging to Gibbons to be automatically and simultaneously transferred to Gibbons International in payment of commissions as the commissions were earned by Gibbons International. Gibbons International, Inc. v. Commissioner, supra at 1166-1167. One issue (namely, whether reasonable cause existed for Gibbons International's failure to qualify as a DISC) was deferred by stipulation of the parties until after our decision on the above-mentioned issues. Prior to briefing that issue, petitioners filed the instant motion. Before certifying an order for interlocutory appeal, this Court must be satisfied that (1) a "controlling *494 question of law" is involved, (2) with respect to which there is a "substantial ground for difference of opinion," and that (3) an immediate appeal from the order may "materially advance the ultimate termination of the litigation." Sec. 7482(a)(2)(A); Rule 193(a). [2] Failure to meet any one of the three requirements will result in denial of the requested certification. Kovens v. Commissioner,91 T.C. 74, 77 (1988). *495 In determining whether a controlling question of law is present, we must distinguish between "a clear legal issue and an issue that requires the application of findings of fact to existing law." Kovens v. Commissioner, supra at 79. Interlocutory appeal "is not to be used as a device to second guess the application of facts, as found by the trial court, to the appropriate law." Kovens v. Commissioner, supra at 79. In our prior opinion in this case, we considered the arguments advanced by petitioners. We also took great care to thoroughly understand Gibbons International's accounting procedures, including the accounting entries that were recorded each year and the combining of account balances that occurred for Federal income tax purposes. In that opinion, we concluded that appropriate accounting entries were not made within 60 days after the close of Gibbons International's taxable years offsetting the commissions receivable accounts against existing debts owed to Gibbons, as required under section 1.994-l(e)(3)(ii), Income Tax Regs.
Petitioners are correct that whether the combining of account balances on Gibbons International's tax returns *496 constituted "accounting entries" and, if so, whether such "entries" were timely under the DISC provisions raise controlling questions of law. Petitioners, however, have not submitted any legal authority in support thereof, and we found none. We do not believe there is a substantial ground for difference of opinion with regard to the correct resolution of either of these questions. In our prior opinion, we also considered the effects of state law and the testimony of petitioners' witnesses on the issues before us. None of petitioners' legal or factual authority was ignored. Based on each of the arguments and authorities petitioners and respondent have presented in this case, we concluded in our opinion of December 9, 1987 -- and we reaffirm herein -- that petitioner Gibbons International does not qualify for DISC status for the years in issue, and that no substantial ground for a difference of opinion exists with regard to any aspect of our conclusions in this case. Petitioners' motion for an order entitling them to request the Fifth Circuit Court of Appeals to accept an interlocutory appeal in this case will be denied. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue code of 1954, as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Sec. 7482(a)(2)(A) provides as follows: (A) In general. -- When any judge of the Tax Court includes in an interlocutory order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals may, in its discretion, permit an appeal to be taken from such order, if application is made to it within 10 days after the entry of such order. Neither the application for nor the granting of an appeal under this paragraph shall stay proceedings in the Tax Court, unless a stay is ordered by a judge of the Tax Court or by the United States Court of Appeals which has jurisdiction of the appeal or a judge of the court. Rule 193(a) provides as follows: RULE 193. APPEALS FROM INTERLOCUTORY ORDERS (a) General: For the purpose of seeking the review of any order of the Tax Court which is not otherwise immediately appealable, a party may request the Court to include, or the Court on its own motion may include, a statement in such order that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation. Any such request by a party shall be made by motion which shall set forth with particularity the grounds therefore and note whether there is any objection thereto. ↩