GENERAL SIGNAL CORPORATION AND SUBSIDIARIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 20064–92.          Filed March 7, 1995.

*Russell E. Greenblatt, David K. Schmitt,* and *David J. Duez,* for petitioner.
*Randall P. Andreozzi,* for respondent.

### SUPPLEMENTAL OPINION

NIMS, *Judge:* On August 22, 1994, the Court filed an opinion at 103 T.C. 216, in which several, but not all, issues were decided. On December 21, 1994, petitioner filed a motion for

certification for interlocutory appeal (petitioner's motion). Petitioner moves the Court, pursuant to Rule 193, for an order modifying the opinion to include a finding that the issues addressed in the opinion involve controlling questions of law with respect to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. See sec. 7482(a)(2). (All Rule references, unless otherwise specified, are to the Tax Court Rules of Practice and Procedure. All section references, unless otherwise specified, are to sections of the Internal Revenue Code currently in effect.)

Respondent has filed respondent's reply to petitioner's motion for certification for interlocutory appeal (respondent's reply), in which respondent notes an objection to petitioner's motion.

The parties are in substantial agreement as to the following background statement:

> This case was brought before the * * * Court * * * to determine petitioner's tax liability for the years 1986 and 1987. The sole issue concerning petitioner's correct tax liability for the years 1986 and 1987 arising from the events which occurred within those years involves the deduction claimed by petitioner for those years as a result of contributions made to a voluntary employees beneficiary association (VEBA) trust. * * * [The] Court's Opinion * * * fully addressed that issue by denying a substantial portion of the deduction claimed * * *. [However], no final decision can be entered at this time * * * because a carryback from a subsequent year has also been placed in issue in this proceeding. * * *

The parties are also in agreement that the audit of petitioner's return for its 1990 tax year (the source year), which involves the claimed NOL carryback deduction, will not be completed, as a practical matter, for at least another year. The NOL deduction was claimed for the first time in the petition, and not as a tentative carryback allowance pursuant to section 6411. Cf. *Midland Mortgage Co. v. Commissioner,* 73 T.C. 902 (1980).

Section 7482(a)(2) provides in relevant part:

SEC. 7482. COURTS OF REVIEW.

(a) JURISDICTION.—

\* \* \* \* \* \* \*

(2) INTERLOCUTORY ORDERS.—

(A) IN GENERAL.— When any judge of the Tax Court includes in an interlocutory order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals may, in its discretion, permit an appeal to be taken from such order, if application is made to it within 10 days after the entry of such order. * * *

The foregoing language is an almost verbatim paraphrase of the operative provisions of section 1292(b) of title 28 of the U.S. Code, 28 U.S.C. sec. 1292(b) (1988), which permits the U.S. District Courts to certify interlocutory orders for immediate appeal. Because of the use of almost identical language in 28 U.S.C. section 1292(b), "we look to cases and commentary under * * * 28 U.S.C. sec. 1292(b) for guidance in interpreting section 7482(a)(2)." *Kovens v. Commissioner,* 91 T.C. 74, 77 (1988).

The parties agree that the entry of a decision that reflected the allowance of the NOL deduction would preclude respondent from challenging such allowance upon completion of the audit of the source year. In *Midland Mortgage Co. v. Commissioner, supra,* we held that section 6212(c) does not permit the issuance of a second notice of deficiency after the erroneous allowance of a tentative carryback adjustment under section 6411, where a decision has become final in a case commenced in this Court in response to a prior deficiency notice.

In *Midland Mortgage Co. v. Commissioner, supra* at 908–909, we held that, notwithstanding the provisions of section 6213(b)(3) (relating to remedies available to the Commissioner in cases of erroneous tentative carrybacks and refund adjustments under section 6411), section 6212(c) prohibits any further deficiency notice after a petition has been filed in the Tax Court in response to a previous notice, except in the case of fraud or of the other exceptions listed in section 6212(c).

Furthermore, respondent takes the position, and petitioner now appears to agree, that respondent's ability to challenge the NOL deduction could not be preserved through a procedure involving the entry of a decision permitting the NOL deduction coupled with a closing agreement under section 7121 wherein petitioner agreed not to raise the defense of res

judicata as to the years before the Court in connection with the audit of the source year.

In its memorandum in support of motion for certification of interlocutory appeal (petitioner's memorandum), petitioner argues four points, the first three of which are based upon the above-quoted language of section 7482(a)(2):

1. A controlling question of law is present;

2. substantial grounds for difference of opinion are present;

3. an appeal may materially advance the ultimate termination of the litigation;

4. certification will serve the interests of justice.

All three requirements of section 7482(a)(2) must be established before we may certify for immediate appeal an issue previously decided. *Kovens v. Commissioner, supra* at 77. Furthermore, "Failure to meet any one of the three requirements is grounds for denial of certification." *Id.*

The purpose of section 7482(a)(2) is to provide an exception to the "final judgment rule". *Id.* at 76. Under the final judgment rule, an appeal lies only from a final Tax Court decision. *Id.* However, under certain circumstances the final judgment rule may produce a harsh result. The primary goals sought to be achieved by the section 7482(a)(2) exception to the final judgment rule are:

(1) To alleviate hardship by providing an opportunity to review orders of the trial court before they irreparably modify the rights of litigants; (2) to provide supervision of the development of the law by providing a mechanism for resolving conflicts among trial courts on issues not normally open on final appeal; and (3) to avoid waste of trial time at the trial court level through an opportunity to review orders before fruitless litigation and wasted expense. [*Id.* at 76–77; citation omitted.]

The Second Circuit Court of Appeals, to which an appeal in this case would lie, has stated that "it continues to be true that only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)). Furthermore, the Court of Appeals has urged the District Courts "to exercise great care in making a section 1292(b) certification." *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distrib. Corp.,* 964 F.2d 85, 89 (2d Cir. 1992).

Additionally, we have previously stated that limiting the availability of certified interlocutory appeals under section 7482(a)(2) "reflects a strong policy in favor of avoiding piecemeal review and its attendant delay and waste of time." *Kovens v. Commissioner, supra* at 78.

As discussed below, certification is not appropriate in this case because petitioner has failed to demonstrate that the third requirement for an interlocutory appeal is satisfied; i.e., petitioner has not demonstrated that an immediate appeal will materially advance the ultimate termination of this litigation.

With the exception of a short introductory paragraph, petitioner's entire argument that an appeal will materially advance the termination of the litigation is as follows:

> The questions of law which usually result in material advancement of a lawsuit are questions which arise (1) at the outset of the litigation which could, if wrongly decided, result in a significant waste of judicial and private resources as the Court and parties proceed down the wrong path, or (2) present an issue which ". . . is critical not only to the resolution of this case, but also to other litigation involving similar or analogous claims."
> \* \* \*
> In this case, the appeal will advance the ultimate termination of this case and will almost certainly advance the resolution of other cases. Petitioner is certain to ask the Appellate Court to review the Court's decision, whatever the outcome of any carryback. If the case is not certified for interlocutory appeal, it will simply remain on the docket, completely inactive, at least for the time required to complete the pending audit of Petitioner's 1990 and 1991 tax years. [By referring to 1991, petitioner appears to be suggesting that an additional NOL deduction may be claimed.]
> If instead, the Court certifies the case for interlocutory appeal, the parties can productively use what would otherwise be "down-time" necessitated by the carryback issue, to complete the appeal to the Second Circuit.

Section 7482(a)(2) was added to the Internal Revenue Code by section 1558 of the Tax Reform Act of 1986, Pub. L. 99–514, 100 Stat. 2085, 2757–2758. Congress enacted section 7482(a)(2) in response to *Shapiro v. Commissioner,* 632 F.2d 170 (2d Cir. 1980), in which the court held that the Courts of Appeals had no jurisdiction over interlocutory appeals from Tax Court decisions. H. Conf. Rept. 99–841 (Vol. 2) (1986), 1986–3 C.B. (Vol. 4) 1, 806.

The legislative history of 28 U.S.C section 1292(b) contains several examples of when it would be appropriate, to grant an interlocutory appeal, two of which are as follows:

For example, in a recent case a motion to dismiss for want of jurisdiction was filed in the district court early in the proceedings. The district court denied the motion and the matter then proceeded to trial. The disposition of that case took almost 8 months. Upon final order the case was appealed and the court of appeals determined that the district court did not have jurisdiction and entered an order accordingly. Had this legislation [28 U.S.C. 1292(b)] been in effect at that time, the district judge could have stated in writing his opinion that the motion was controlling and the defendant could thereupon have made application to the court of appeals for a review of the order denying the motion. Had the court of appeals entertained such a motion and reached the conclusion which it ultimately did, it would have resulted in saving of the time of the district court and considerable expense on the part of the litigants.

There are many civil actions from which similar illustrations could be furnished. For example, in an antitrust action a plea may be entered that the claim is barred by the statute of limitations. If this motion is denied, under existing law the matter is not appealable and the case then goes forward to trial. Disposition of antitrust cases may take considerable time, yet upon appeal following final disposition of such cases, the court of appeals may well determine that the statute of limitations had run and for that reason the district court did not have jurisdiction.

[S. Rept. 2434, 85th Cong., 2d Sess. 2–3 (1958).]

The above examples have been interpreted by the Court of Appeals for the Ninth Circuit as follows: "Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury,* 263 F.2d 784, 787 (9th Cir. 1959).

Consistent with another example contained in the above-referenced Senate report, in *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21 (2d Cir. 1990), the Court of Appeals for the Second Circuit agreed to hear an interlocutory appeal, the predicate for which was as follows: the underlying action involved a suit by passengers, or their representatives, who were injured on a hijacked passenger ship owned by the defendants. The defendants alleged that the Palestine Liberation Organization (PLO) was responsible for the hijacking; thus, the defendants impleaded the PLO as a defendant. The PLO moved the trial court for dismissal of the claims against it on the ground that the court lacked subject matter juris-

diction over a claim against the PLO. The PLO's motion for dismissal was denied. The PLO then sought an interlocutory appeal under 28 U.S.C. section 1292(b) which was certified by the trial court and accepted by the appellate court.

In both the examples contained in the legislative history of 28 U.S.C section 1292(b) and the factual situation present in *Klinghoffer v. S.N.C. Achille Lauro, supra,* the allowance of an interlocutory appeal had the potential to materially advance the ultimate termination of the litigation. It is this type of situation that section 7482(a)(2) was intended to address. As we have previously stated, "Through the creation of interlocutory orders, Congress sought to achieve the avoidance of wasted trial and harm to litigants." *Kovens v. Commissioner,* 91 T.C. at 78.

In contrast to the above, an interlocutory appeal in this case would not avoid an unnecessary trial—the VEBA issue, which petitioner somewhat generically wishes to appeal, has already been tried and decided. The case is therefore not in its early stages of litigation. Petitioner cannot deny that a second issue—the NOL issue—may also eventually have to be tried by the Tax Court. However, the VEBA issue is factually distinct from and has no bearing on the NOL carryback. Consequently, an interlocutory appeal at this stage would have no effect on the disposition of the NOL issue, and would merely result in piecemeal appeals of the same case.

Although we are sympathetic with petitioner's understandable wish to expedite the resolution of this case (an objective in which respondent concurs), we fail to see how an interlocutory appeal at this time would materially advance the termination of the litigation. It has been said that 28 U.S.C. section 1292(b) was not intended as a vehicle to provide early review of adverse rulings in difficult situations. See *United States v. Woodbury,* 263 F.2d 784, 787–788 (9th Cir. 1959). The same may be said of section 7482(a)(2).

Petitioner has asserted that there currently exist three cases on the Tax Court docket which involve the same issue as that decided against petitioner and which petitioner claims would benefit from an appeal of the previously decided issue in this case. As support for this argument, petitioner relies in part on *Klinghoffer v. S.N.C. Achille Lauro, supra.*

In *Klinghoffer,* the court addressed a similar argument advanced by one of the litigants in which it was claimed that an issue, in order to be considered controlling and thus certifiable for appeal under section 1292(b), must have precedential value for a number of other pending cases. In response to this argument, the Court of Appeals for the Second Circuit stated:

As already indicated, however, plaintiffs argue that a question of law must be "controlling" in a wider sense, that is, the resolution of the question must also have precedential value for a number of pending cases. * * * the impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court. * * * We have not found any circuit court decisions that squarely support plaintiffs' position, * * *. * * * Moreover, distinguished commentators have concluded that "[t]he suggestion . . . that the question must be important to a large number of other suits . . . is not supported by any statutory purpose." * * * [*Id.* at 24; citations omitted.]

This conclusion applies with equal force to section 7482(a)(2).

As to the other two requirements of section 7482(a)(2), pertaining to the presence of a controlling question of law with respect to which there is a substantial ground for difference of opinion, it is unclear from petitioner's motion the precise legal question or questions that petitioner wishes to appeal. In respondent's reply we are told that

With regard to the issue of what point of law the petitioner seeks to present to the Court on appeal, respondent has communicated her concerns directly to petitioner's counsel, and petitioner's counsel feels the appellate court can define the issue it will decide by looking at this Court's opinion.

Petitioner's memorandum does not clarify this point. But because we have determined that petitioner cannot establish that the third requirement of section 7482(a)(2) is satisfied,

we find it unnecessary to speculate as to the precise legal issue or issues that petitioner wishes to have certified for appellate review.

To reflect the foregoing,

> *An appropriate order will be issued denying petitioner's motion.*