T.C. Memo. 2003-284

UNITED STATES TAX COURT

ESTATE OF DORA HALDER, DECEASED,
ANITA HALDER MACDOUGALL, EXECUTRIX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 5018-01.                      Filed October 3, 2003.

<u>Robert D. Whoriskey</u>, for petitioner.

<u>Monica E. Koch</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on the
estate's motion for reconsideration and motion for interlocutory
order under Rule 193(a).[1]

<hr>

[*]  On Mar. 25, 2003, the Court issued its opinion, T.C.
Memo. 2003-84, which we incorporate herein.

[1]  Unless otherwise indicated, all section references are to
(continued...)

On March 25, 2003, the Court filed its Memorandum Opinion in this case, Estate of Halder v. Commissioner, T.C. Memo. 2003-84, which concluded that there was no meeting of the minds between the parties, and therefore no basis of settlement was reached by the parties. Also on March 25, 2003, the Court denied the estate's motion for entry of decision.

On May 8, 2003, the estate filed a motion for leave to file motion for reconsideration and lodged a motion for reconsideration. Also on May 8, 2003, the estate filed a motion for interlocutory order under Rule 193(a).

On May 23, 2003, the estate filed a memorandum in support of the estate's motions for reconsideration and an interlocutory order. Also on May 23, 2003, we granted the estate's motion for leave to file motion for reconsideration (and the motion for reconsideration was filed), and ordered respondent to file, on or before June 13, 2003, a response to the estate's motion for reconsideration and motion for an interlocutory order.

On June 16, 2003, respondent filed respondent's response to the estate's motion for reconsideration and a notice of objection which objected to the granting of the estate's motion for an interlocutory order under Rule 193(a).

[1](...continued)
the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Reconsideration

Reconsideration under Rule 161 permits us to correct manifest errors of fact or law, or to allow newly discovered evidence to be introduced that could not have been introduced before the filing of an opinion, even if the moving party had exercised due diligence. See Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251, amended per order 835 F.2d 710 (7th Cir. 1987); see also Traum v. Commissioner, 237 F.2d 277, 281 (7th Cir. 1956), affg. T.C. Memo. 1955-127. The granting of a motion for reconsideration rests within the discretion of the Court, and we shall not grant a motion for reconsideration unless the party seeking reconsideration shows unusual circumstances or substantial error. See Alexander v. Commissioner, 95 T.C. 467, 469 (1990), affd. without published opinion sub nom. Stell v. Commissioner, 999 F.2d 544 (9th Cir. 1993); Estate of Halas v. Commissioner, 94 T.C. 570, 573 (1990); Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986); Estate of Bailly v. Commissioner, 81 T.C. 949, 951 (1983); Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), affd. on this issue 510 F.2d 43, 45 n.1 (1st Cir. 1975). Reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result desired by the moving party. See Estate of Quick v. Commissioner, 110 T.C. 440, 441-

442, supplementing 110 T.C. 172 (1998); <u>Stoody v. Commissioner</u>, 67 T.C. 643, 644 (1977), supplementing 66 T.C. 710 (1976).

The estate contends that the factual record in the Memorandum Opinion is incomplete in its essential elements. Essentially, the estate disagrees with the Court's conclusions about the facts of this case. In our Memorandum Opinion, we considered and addressed the estate's arguments, the testimony of all of the witnesses, and all of the documentary evidence. The estate has not demonstrated any manifest error of fact.

Furthermore, on the basis of the record, the estate's version of the "facts" misconstrues the facts of this case, ignores certain facts, or takes them out of their context by isolating events and looking at them in a vacuum. For example, the estate claims that shortly after respondent offered, via telephone, to settle the case by assigning a fair market value of $1,124,410 to the limited partnership interest in issue, respondent faxed a new "offer" for almost $125,000 less even though the Appeals officer stated in the phone conversation with the estate's accountant that the fax would contain the Appeals officer's calculations regarding how he arrived at a fair market value of $1,124,410. The estate's contention that the estate's representatives believed the $1,000,000 figure contained in the January 14, 2002, fax was an offer from respondent is contrary to the facts of this case.

Additionally, the estate has not shown that we made a manifest error of law. The estate argues that our reliance on Gardner v. Commissioner, 75 T.C. 475 (1980), for the proposition that the settlement was not signed by an IRS official authorized to approve it was improper because Gardner was overruled by Dorchester Indus., Inc. v. Commissioner, 108 T.C. 320 (1997), affd. 208 F.3d 205 (3d Cir. 2000), and Stamm Intl. Corp. v. Commissioner, 90 T.C. 315 (1988). The estate is wrong.

Neither Dorchester nor Stamm dealt with the authority of an Appeals officer to enter into a settlement agreement. Furthermore, our citation to the rule of Gardner was merely an alternative ground for holding against the estate. It does not change the fact that there was no meeting of the minds and that the estate cannot claim to have accepted what respondent did not offer.[2]

The estate's legal arguments are merely the rehashing of previously rejected legal arguments or the tendering of new legal theories to reach the end result desired by the estate. This is inappropriate. See Estate of Quick v. Commissioner, supra; Stoody v. Commissioner, supra.

---

[2] Additionally, if a document contains an incorrect figure due to a clerical error (such as writing down the wrong number) and fails to reflect accurately the terms of an agreement, we shall not enforce the document as written and shall allow a party to correct the error. See Holland v. Commissioner, T.C. Memo. 1992-691.

Nor has the estate offered newly discovered evidence, or shown that there were unusual circumstances which warrant relief. The estate has merely restated the proposed facts and argument set forth in the opening brief and reply brief that we rejected.

Interlocutory Appeal

This Court may certify an interlocutory order for an immediate appeal if we conclude that (1) a controlling question of law is involved, (2) substantial grounds for a difference of opinion are present, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Sec. 7482(a)(2); Gen. Signal Corp. v. Commissioner, 104 T.C. 248 (1995), affd. on other grounds 142 F.3d 546 (2d Cir. 1998); Kovens v. Commissioner, 91 T.C. 74 (1988), affd. without published opinion 933 F.2d 1021 (11th Cir. 1991). If any one of the three requirements is not satisfied, the estate's request for certification must be denied. Gen. Signal Corp. v. Commissioner, supra; Kovens v. Commissioner, supra. Additionally, we note that certification of interlocutory orders is granted only in exceptional circumstances. Gen. Signal Corp. v. Commissioner, supra; Kovens v. Commissioner, supra.

The U.S. Court of Appeals for the Second Circuit, to which an appeal of this case would lie, has stated that only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a

final judgment.  Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24-25 (2d Cir. 1990).  Additionally, the U.S. Court of Appeals for the Second Circuit has urged the courts to exercise great care in certifying interlocutory orders.  Westwood Pharms., Inc. v. Natl. Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir. 1992).

In our Memorandum Opinion, we noted that the determination of whether there was a meeting of the minds sufficient to constitute a contract is a question of fact.  Accordingly, a controlling question of law is not involved.  See Kovens v. Commissioner, supra at 79-80.

The estate contends that "this case was unique and unlike any other case the Court has considered on the issue whether an otherwise agreed basis of settlement should be enforced." Assuming arguendo this is true, it strains credibility to then suggest that substantial grounds for difference of opinion are present.

The estate also argues that if the estate's motion for entry of decision were granted, it would terminate the litigation in this case.  The estate, however, ignores the possibility that on appeal the U.S. Court of Appeals for the Second Circuit also may rule against the estate (i.e., that there was no settlement).  If we were affirmed, this case would not terminate at that point because the fair market value of the limited partnership interest

would still be in issue.  Accordingly, we conclude that an immediate appeal will not materially advance the ultimate termination of the litigation.

After consideration of all of the estate's arguments and based upon the record before us, we are not persuaded that our decision to deny the estate's motion for entry of decision falls within the rare category of cases contemplated by Congress when enacting section 7482(a)(2), and conclude that the requirements of an interlocutory appeal have not been met.

Conclusion

We note that if the January 14, 2002, fax had contained a figure higher than the $1,124,410 offered by respondent on the telephone shortly before the January 14, 2002, fax was sent, it is likely that the estate's counsel or accountant would have immediately contacted respondent and sought to correct the figure.  Instead, the estate's counsel advised the estate's accountant to take undue advantage of the situation.

Accordingly, we shall deny the estate's motion for reconsideration and deny the estate's motion for interlocutory order under Rule 193(a).  To reflect the foregoing,

An appropriate order will be issued.