T.C. Memo. 2016-12

UNITED STATES TAX COURT

ENDEAVOR PARTNERS FUND, LLC, DELTA CURRENCY TRADING, LLC,
TAX MATTERS PARTNER, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos.   8698-12,   8710-12,          Filed January 20, 2016.
              8721-12,   8846-12,
              9975-12, 11290-12,
              12591-12.


Elias M. Zuckerman, David L. Katsky, and Adrienne B. Koch, for

petitioners.

Steven N. Balahtsis, Michael A. Sienkiewicz, Lisa M. Goldberg, and Irene

Y. Kim, for respondent.

---

[1]The following cases are consolidated herewith:  Cabrini Partners Fund,
LLC, Delta Currency Trading, LLC, Tax Matters Partner, docket No. 8710-12;
Alligator Partners Fund, LLC, Delta Currency Trading, LLC, Tax Matters Partner,
docket No. 8721-12; Satellite Partners Fund, LLC, Delta Currency Trading, LLC,
Tax Matters Partner, docket No. 8846-12; Counterpoint Capital, LLC, Caballo,
Inc., Tax Matters Partner, docket No. 9975-12; Bricolage Capital, LLC, Caballo,
Inc., Tax Matters Partner, docket No. 11290-12; and Delta Currency Trading,
LLC, Caballo, Inc., Tax Matters Partner, docket No. 12591-12.

[*2]        MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, Judge:  These consolidated cases, involving petitions for readjustment of partnership items adjusted in notices of final partnership administrative adjustment (FPAAs), were tried in New York, New York, on March 23-30, 2015.  The seven Delaware limited liability companies involved had their principal places of business during the tax years at issue in New York.  The central question presented is whether the respective partnerships properly claimed loss deductions from purported foreign exchange binary option trades.  The Internal Revenue Service (IRS or respondent) challenged the option transactions on various grounds, including their alleged lack of economic substance, and determined against the partnerships income tax deficiencies for taxable years 2000-2002 and accuracy-related penalties under section 6662.[2]

Andrew D. Beer is the president of Delta Currency Trading, LLC, one of the two petitioning tax matters partners.  Mr. Beer is neither a petitioner nor otherwise a party to these cases.  However, he played a major role in designing the option

_____

[2]Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** transactions, is an indirect partner in each partnership, and is the ultimate interested taxpayer.

Currently before the Court is petitioners' motion for preliminary injunction filed September 25, 2015. The IRS has commenced a separate administrative proceeding involving Mr. Beer in which it seeks to assert against him penalties under section 6707 for failing to file information returns with respect to alleged tax shelters. Petitioners' motion asks the Court to enjoin the IRS from taking any further action against Mr. Beer in that separate administrative proceeding and, if we deny such relief, to certify our order for immediate interlocutory appeal under section 7482(a)(2)(A) and Rule 193. We will deny both requests.[3]

## FINDINGS OF FACT

The IRS notified Mr. Beer that it had commenced an investigation to determine whether he had complied with the requirements of sections 6111 and 6112. During the tax years at issue section 6111(a)(1) required "[a]ny tax shelter organizer" to "register the tax shelter with the Secretary * * * not later than the day on which the first offering for sale of interests in such tax shelter occur[red]." Section 6111(a)(2) required this registration to include information "identifying and

_____

[3]Petitioners have requested oral argument on their motion. After careful consideration we have determined that oral argument would be neither helpful nor productive, and we accordingly deny that request. See Rule 50(b)(3).

**[\*4]** describing the tax shelter" and "describing the tax benefits * * * represented (or to be represented) to investors[.]" See sec. 301.6111-1T, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 32713 (Aug. 15, 1984). Section 6112(a) required any person who organized or sold "any potentially abusive tax shelter" to maintain a list of investors. See sec. 301.6112-1T, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 34201 (Aug. 29, 1984). Persons who failed to comply with these requirements could be liable for penalties under sections 6707 (for failure to comply with section 6111) and 6708 (for failure to comply with section 6112).

The IRS prepared a report on Form 886-A, Explanation of Items, setting forth its conclusions concerning Mr. Beer's affiliation with Bricolage Capital, LLC (one of the partnerships), and his alleged promotion of tax shelters in connection with Bricolage. The report concludes that Mr. Beer was involved in "creating, selling, and managing several tax shelter schemes" in 1999, 2000, and 2001.

Upon receipt of this report Mr. Beer's counsel (who also represents petitioners) wrote to the IRS requesting "that the examination unit not take any further action" on Mr. Beer's case. Noting the possibility of a ruling in these cases that the partnerships are not liable for accuracy-related penalties, Mr. Beer's counsel urged that the promoter investigation be kept on hold until after this Court has issued its decision. On September 1, 2015, the IRS responded:

**[*5]** We have carefully considered the points in your letter and will be issuing a Final Form 866-A and 30-day letter.  The penalties at issue before the Tax Court [in the consolidated cases] and at issue in this matter are for different actions, and even if the same facts underlie the defense, the applicability of one penalty is irrelevant to the applicability of the other penalty.  In addition, the Tax Court has no jurisdiction over penalties asserted in our matter.  A taxpayer can only petition a District Court or U.S. Court of Federal Claims.

The 30-day letter, dated September 2, 2015, notified Mr. Beer that the IRS had proposed penalties against him under section 6707 for "failure to register [a] tax shelter" as required by section 6111 and the associated regulations.  Mr. Beer's counsel requested an extension, to January 15, 2016, of the 30-day deadline to file a written protest.  The IRS granted an extension of time to November 16, 2015.  Unsatisfied with this result, petitioners filed their motion for preliminary injunction.  They submit that an injunction, once granted, should remain in effect until a decision in these consolidated cases "becomes final by virtue of the exhaustion of any appellate rights."  See sec. 7481(a) (specifying when Tax Court decisions become final).

OPINION

I.     Jurisdiction

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527,

**[*6]** 529 (1985). The Tax Court is without authority to enlarge upon that statutory grant. See Phillips Petroleum Co. v. Commissioner, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to determine whether we have jurisdiction. Hambrick v. Commissioner, 118 T.C. 348 (2002); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).

Section 6226 gives us jurisdiction to review the FPAAs in these consolidated cases. Pursuant to section 6226(f), we may "determine all partnership items * * * for the partnership taxable year" to which an FPAA relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount "which relates to an adjustment to a partnership item." Petitioners do not contend, and they could not plausibly contend, that the section 6707 penalties the IRS has proposed against Mr. Beer are "partnership items." These penalties are not at issue in these cases; they have been asserted against Mr. Beer in his individual capacity; and they must be determined at the individual, not at the partnership, level. We thus lack jurisdiction over the section 6707 penalties as part of this partnership proceeding.

Nor would we have jurisdiction, apart from this partnership proceeding, to consider at this time the penalties the IRS is proposing against Mr. Beer. A section 6707 penalty is an "assessable penalty" under chapter 68, subchapter B, cap-

**[\*7]** tioned "Assessable Penalties." While collected in the same manner as taxes, such penalties "shall be paid upon notice and demand by the Secretary" and are generally not subject to the Code's deficiency procedures. Sec. 6671(a).

We confronted an analogous situation in Smith v. Commissioner, 133 T.C. 424 (2009). In that case the IRS issued to the taxpayers a notice of deficiency and separate notices of assessment of section 6707A penalties. The taxpayers filed a petition challenging both the deficiency and the notices of assessment. Holding that "[t]he section 6707A penalty is not within our deficiency jurisdiction," we ruled that the IRS could properly assess and collect those penalties without issuing a deficiency notice. 133 T.C. at 429-430. We accordingly dismissed for lack of jurisdiction insofar as the petition sought to challenge the section 6707A penalties and ordered stricken from the pleadings any references to them. Sections 6707 and 6707A are in pari materia as assessable penalties; our analysis in Smith thus applies with equal force here.[4]

_____

[4]Congress has provided this Court with jurisdiction to review assessable penalties in a collection due process (CDP) context. See Gardner v. Commissioner, 145 T.C. __, __ (slip op. at 21) (Aug. 26, 2015) ("[S]ection 6330(d)(1) provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity regardless of the type of underlying tax involved."). If Mr. Beer receives a notice of determination with respect to the section 6707 penalties and the IRS seeks to collect those liabilities by lien or levy, he may challenge that collection action under section 6330(d). If he has not

(continued...)

**[*8]** Petitioners nevertheless urge this Court to enjoin the IRS' ongoing investigation of Mr. Beer in order to "protect its jurisdiction to make a binding ruling" in the instant partnership proceedings. According to petitioners, if the IRS were to conclude its investigation "before this Court has had a chance to rule" on any common issues, the result would supposedly be to "interfere with this Court's jurisdiction to render a ruling that has the binding effect that due process requires." As sources of authority for our issuance of such an injunction, petitioners cite the All Writs Act, 28 U.S.C. 1651, and Rule 65 of the Federal Rules of Civil Procedure. This contention is unpersuasive for many reasons, of which it is sufficient to mention just two.

Section 7421, commonly called the Anti-Injunction Act, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." The section 6707 penalty is an "assessable penalty." Because the pending IRS administrative proceeding involves a proposed "assessment * * * of [a] tax," section 7421(a) by its terms bars this Court from restraining the further conduct of that proceeding. See sec. 6671(a) ("Except

---

[4](...continued)
had a prior opportunity to contest the penalties and properly raises them at the CDP hearing, he may seek review in this Court under section 6330(d)(1) of his underlying liability for the penalties.

**[\*9]** as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to * * * [assessable] penalties.").[5]

Congress has enacted a limited number of exceptions to this anti-injunction bar. See secs. 6015(e)(1)(B)(ii), 6213(a), 6225(b), 6246(b), 6330(e), 7436(d). As recognized in Rule 55, however, these exceptions allow this Court to restrain assessment or collection of a tax "only where a timely petition has been filed with the Court." For example, section 6225 authorizes the Court to enjoin the premature assessment of "a deficiency attributable to any partnership item" but only if "a timely petition for a readjustment of the partnership items for the taxable year has been filed and then only in respect of the adjustments that are the subject of such petition." Section 6246(b) similarly authorizes the Court to enjoin a premature "adjustment to any partnership item" but only if "a timely petition has been filed under section 6247 and then only in respect of the adjustments that are the subject of such petition."

---

[5]Petitioners' argument that their motion "does not target either assessment or collection" and "does not seek to stop respondent from taking action" is non-sensical. By its terms, their motion demands an injunction to prevent the IRS from continuing the process of assessing and collecting the section 6707 penalties. Petitioners' assertion that their motion does not involve a "suit" within the meaning of section 7421(a) is equally meritless. A suit is "[a]ny proceeding by a party or parties against another in a court of law." Black's Law Dictionary 1572 (9th ed. 2009).

**[\*10]** None of these exceptions to the section 7421(a) anti-injunction bar applies here. The section 6707 penalties proposed against Mr. Beer are not partnership items and are not the subject of the petitions in these consolidated cases. Mr. Beer has not filed, and he could not possibly file at this stage, a petition with the Court seeking review of those penalties. Because this Court is authorized to restrain assessment or collection of a tax "only where a timely petition has been filed" with respect to the tax in question, Rule 55, we lack authority to issue the injunction petitioners seek.

Even if the Anti-Injunction Act were somehow thought inapplicable here, the rationale petitioners urge for an injunction is wholly unconvincing. Petitioners have advanced a "reliance on professional advice" defense to the accuracy-related penalties in the instant partnership proceeding. And they state that Mr. Beer is advancing the same defense, on the basis of the same professional advice, to the section 6707 penalties in the pending IRS proceeding. Petitioners assert that this Court "has jurisdiction over the underlying facts" and should issue an injunction to "protect its jurisdiction to make a binding ruling" in these consolidated cases.

There may well be issues of fact or law that are common to these cases and to the ongoing IRS investigation of Mr. Beer. But if that is true, it has absolutely no effect on this Court's ability to "make a binding ruling" in the cases over which

**[*11]** it has jurisdiction.  Indeed, it often happens that a factual or legal issue raised in a case before us is also involved in a pending IRS proceeding, e.g., in an audit of the same taxpayer or a related taxpayer for a different tax period.  The remedy in such circumstances is not to have this Court enjoin the pending IRS proceeding.  Rather, if the outcome of the Tax Court proceeding is inconsistent with the outcome of the pending IRS proceeding, the taxpayer's remedy is to appeal and bring the relevant facts and law to the attention of the reviewing court(s).  Petitioners have cited no Tax Court precedent that could possibly authorize injunctive relief under circumstances resembling those here.

While we decline petitioners' request to enjoin the ongoing IRS administrative proceeding, Mr. Beer is not without recourse.  Petitioners acknowledge that he has "appellate rights within the agency."  The IRS will not make any final determination concerning his liability for the section 6707 penalties until he has exhausted his internal appeal rights.  If dissatisfied with the outcome of that process, he can seek review in a U.S. District Court or the U.S. Court of Federal Claims.  See sec. 7422; 28 U.S.C. sec. 1346 (2000).  Alternatively, if the IRS commences collection action against him, he can seek review in this Court following a CDP hearing.  See sec. 6330(d)(1); Gardner v. Commissioner, 145 T.C. __ (Aug. 26, 2015); Williams v. Commissioner, 131 T.C. 54, 58 (2008).

[*12] II.    Interlocutory Appeal

Section 7482(a)(2)(A) permits this Court to certify an interlocutory order for immediate appellate review if we conclude that "a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation." See Rule 193(a); Kovens v. Commissioner, 91 T.C. 74, 77 (1988); N.Y. Football Giants, Inc. v. Commissioner, T.C. Memo. 2003-28. Certification of an interlocutory order for immediate appeal is an exceptional measure that courts employ sparingly. See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24-25 (2d Cir. 1990); Gen. Signal Corp. v. Commissioner, 104 T.C. 248, 251 (1995). "[I]nterlocutory orders should be granted only in exceptional cases." Kovens, 91 T.C. at 78; see Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir. 1992) (urging courts to exercise great care in certifying interlocutory orders).

It is obvious that none of the factors specified in section 7482(a)(2)(A) is satisfied here. Because Mr. Beer's potential liability for section 6707 penalties is not an issue in these cases, there is no "controlling question of law" with respect to them. There is no reasonable ground, much less a "substantial ground," for difference of opinion concerning this Court's lack of authority to enjoin an independent

**[*13]** and ongoing IRS investigation of Mr. Beer.  And an immediate appeal from our order denying the requested injunction would not advance in any way, much less "materially advance," the ultimate termination of this litigation.  The trial for these consolidated cases has been completed; the record is closed; posttrial briefing is in process; and an opinion will be issued in due course.

    To reflect the foregoing,

<u>An order denying petitioners' motion will be issued</u>.