120 T.C. No. 16

UNITED STATES TAX COURT

WILLIAM T. GLADDEN AND NICOLE L. GLADDEN, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 16932-97.            Filed June 27, 2003.

        <u>Held</u>:  Where petitioners made a "qualified offer"
under sec. 7430(c)(4)(E), I.R.C., on a substantive tax
adjustment and thereafter litigation occurred and court
determinations were made on arguments or issues
relating to the substantive tax adjustment and where
the parties ultimately entered into a settlement of the
substantive tax adjustment, the "settlement limitation"
on qualified offers that is set forth in sec.
7430(c)(4)(E)(ii)(I), I.R.C., is not applicable.


<u>William L. Raby</u>, for petitioners.

<u>Rachael J. Zepeda</u>, for respondent.

[*]     This Opinion supplements <u>Gladden v. Commissioner</u>, 112 T.C.
209 (1999), revd. and remanded 262 F.3d 851 (9th Cir. 2001).

SUPPLEMENTAL OPINION

SWIFT, Judge:  This matter is before us on petitioners'
motion for partial summary judgment as to the applicability of
the qualified offer provision of section 7430(c)(4)(E).
Petitioners seek a recovery of litigation costs relating to a
Federal income tax deficiency adjustment determined by respondent
with respect to income to be charged to petitioners on
termination of water rights (water rights adjustment).

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

Under the qualified offer provision of section
7430(c)(4)(E), petitioners seek to obtain an award of litigation
costs that they incurred after May 12, 1999, the date on which
petitioners made a qualified offer to respondent to settle the
water rights adjustment.[1]

Relying on the "settlement limitation" set forth in section
7430(c)(4)(E)(ii)(I), respondent argues that the ultimate

---

[1]    At this point, it is not clear whether petitioners also (or
in the alternative) will be seeking the recovery of litigation
costs relating to the water rights adjustment under the general
litigation cost recovery provisions of sec. 7430.  In any event,
petitioners acknowledge that, under the qualified offer provision
of sec. 7430(c)(4)(E), they are entitled to recover only
litigation costs incurred after May 12, 1999, the date on which
petitioners made their qualified offer to respondent.  The
parties suggest that once the issue raised in the instant motion
is resolved, they likely will be able to settle other aspects of
petitioners' motion for litigation costs.

settlement by the parties, on remand to us from the Court of Appeals for the Ninth Circuit, of factual issues relating to the water rights adjustment precludes the application of the qualified offer provision.

In our prior Opinion in this case, <u>Gladden v. Commissioner</u>, 112 T.C. 209, 217-226 (1999), also involving the water rights adjustment and the parties' cross-motions for partial summary judgment, we held in favor of petitioners that, as a matter of law, the water rights owned by petitioners constituted capital assets and the relinquishment thereof by petitioners in exchange for monetary distributions constituted a taxable sale or exchange (capital asset issues).

In the same opinion and in the context of the same cross-motions for partial summary judgment, we held in favor of respondent that, as a matter of law, petitioners were not entitled to allocate any portion of their cost basis in the underlying land (which petitioners had acquired prior to acquiring the water rights) to their tax basis in the water rights (legal allocation issue). <u>Id.</u> at 226-230.[2]

Because of our determinations on cross-motions for partial summary judgment of the capital asset issues and of the legal

---

[2] The water rights and the land actually were owned by a partnership in which petitioners had an interest. For convenience herein, we refer to the water rights and the land as if owned by petitioners.

allocation issue, each of which related to the water rights adjustment, in our prior opinion we did not address the related factual issue as to what amount of petitioners' cost basis in the land might be allocable to petitioners' tax basis in the water rights.

On May 12, 1999, after our above opinion was filed in April of 1999, petitioners made a "qualified offer" to respondent to settle the water rights adjustment, which offer respondent did not accept. On October 20, 1999, a decision was entered in this case in which we redetermined petitioners' tax deficiency based on our prior opinion on summary judgment and on a stipulation filed by the parties settling remaining issues.

On January 5, 2000, petitioners filed an appeal with the Court of Appeals for the Ninth Circuit with regard to our partial summary judgment in favor of respondent on the legal allocation issue. Respondent did not appeal our partial summary judgment in favor of petitioners on the capital asset issues.

On August 20, 2001, the Court of Appeals for the Ninth Circuit in Gladden v. Commissioner, 262 F.3d 851 (9th Cir. 2001), reversed our partial summary judgment in favor of respondent on the legal allocation issue and concluded that petitioners may be entitled to allocate some portion of their cost basis in the land to their tax basis in the water rights. Because the trial record had not been developed on aspects of that factual allocation

issue, the Court of Appeals remanded the case to us for a determination of that factual issue.  Id. at 856.

Upon remand, petitioners and respondent entered into renewed settlement negotiations of the water rights adjustment, and on September 12, 2002, petitioners and respondent agreed to a final settlement of all aspects of the water rights adjustment under which petitioners' Federal income tax liability relating to the sale of their water rights will be less than what it would have been under petitioners' qualified offer that petitioners made in May of 1999.

For a discussion of aspects of the qualified offer provision of section 7430(c)(4)(E), see Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48, 54-63 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003).

Respondent now claims that, as a matter of law, the settlement limitation reflected in section 7430(c)(4)(E)(ii)(I) is applicable to petitioners' May 12, 1999, qualified offer. Generally, under the settlement limitation of section 7430(c)(4)(E)(ii)(I), where the parties settle a tax adjustment rather than litigate and obtain a court determination of the adjustment, the qualified offer provision will not apply.

The specific statutory language in section 7430(c)(4)(E) reflecting the settlement limitation to the qualified offer provision provides as follows:

> (ii). Exceptions.--This subparagraph shall not apply to--
>
> > (I) any judgment issued pursuant to a settlement;

Respondent argues that this statutory language means that the ultimate resolution of a disputed tax adjustment pursuant to "any" settlement disqualifies a taxpayer's qualified offer from being treated as such.

Petitioners contend that the above settlement limitation on qualified offers should not apply where, as in the instant case, a disputed tax adjustment is involved in litigation and is resolved by settlement between the parties only after a court has decided arguments and issues relating to the adjustment. Here, petitioners emphasize that the water rights adjustment was resolved by the parties by settlement only after this Court had rendered its opinion on the capital asset issues and on the legal allocation issue and only after the Court of Appeals for the Ninth Circuit had rendered an opinion on the legal allocation issue, each of which was part and parcel of respondent's water rights adjustment.

In support of their position, petitioners cite the policy underlying the qualified offer provision and respondent's

temporary regulations under section 7430(c)(4)(E).  With regard
to the policy argument, petitioners quote from the Senate report
associated with section 7430(c)(4)(E) as follows:

> The Committee believes that settlement of tax
> cases should be encouraged whenever possible.
> Accordingly, the Committee believes that the
> application of a rule similar to FRCP 68 is appropriate
> to provide an incentive for the IRS to settle
> taxpayers' cases for appropriate amounts, by requiring
> reimbursement of taxpayer's costs when the IRS fails to
> do so.  [S. Rept. 105-174, at 48 (1998), 1998-3 C.B.
> 537, 584.]

Petitioners emphasize the purpose underlying rule 68 of the
Federal Rules of Civil Procedure, namely, to encourage
settlements and to reduce litigation.  Fed. R. Civ. P. 68,
Advisory Committee's Note, 1946 Amendment, 28 U.S.C. app. at 801-
802 (2000); Marek v. Chesny, 473 U.S. 1, 5-7 (1985); Delta Air
Lines, Inc. v. August, 450 U.S. 346, 352 (1981).

Although technically applicable only to qualified offers
made in administrative and court proceedings after January 3,
2001, petitioners emphasize that the temporary regulations
promulgated under section 7430 support their interpretation of
section 7430(c)(4)(E)(ii)(I) because the temporary regulations
provide that the settlement limitation will apply only where the
settlement occurs and the judgment is entered "exclusively"
pursuant to a settlement.  Sec. 301.7430-7T(f), Temporary Proced.
& Admin. Regs., 66 Fed. Reg. 730 (Jan. 4, 2001).  Section

301.7430-7T(a), Temporary Proced. & Admin. Regs., 66 Fed. Reg.

726 (Jan. 4, 2001), provides, in part, as follows:

> The provisions of the qualified offer rule do not apply
> if the taxpayer's liability under the judgment * * * is
> determined <u>exclusively</u> pursuant to a settlement * * *
> [Emphasis supplied.]

We agree with petitioners. The purpose underlying the

qualified offer provision of section 7430(c)(4)(E), like that of

rule 68 of the Federal Rules of Civil Procedure, is to encourage

settlements by imposing litigation costs on the party not willing

to settle. Herein, legal issues integral to the water rights

adjustment were litigated and decided by this Court and by the

Court of Appeals for the Ninth Circuit. Only after those legal

issues were litigated and decided was the bottom-line substantive

tax adjustment resolved by way of settlement between the parties.

The ultimate settlement entered into by the parties herein can in

no way be viewed as entered into exclusively pursuant to a

settlement.

To treat the instant water rights adjustment as resolved

pursuant to the parties' settlement would require us to ignore

the threshold legal issues relating thereto that were resolved by

way of litigation, not settlement, and would require us to treat

the related factual allocation issue eventually settled by the

parties as controlling for purposes of the settlement limitation

of section 7430(c)(4)(E)(ii)(I). Further, it would require us

to isolate the factual allocation issue that was settled and to treat it as distinct from the legal issues relating to the water rights that were litigated and that were not settled and each of which involved the same underlying substantive tax adjustment.

The decision to be entered in this case on the water rights adjustment will be entered not simply "pursuant to" a settlement, but also "pursuant to" our holdings on the capital asset issues (decided in favor of petitioners and not appealed) and "pursuant to" the Court of Appeals's holding on the legal allocation issue that was appealed and resolved in favor of petitioners. In particular, we note that the appellate litigation and the Court of Appeals for the Ninth Circuit's holding relating to the legal allocation issue occurred after petitioners' qualified offer was made to respondent on May 12, 1999.[3]

Herein, because legal arguments and issues relating to the water rights adjustment were litigated and decided by a court, not by settlement, the judgment to be entered herein with regard to the water rights adjustment is not to be regarded as issued merely pursuant to a settlement, and petitioners' qualified offer with regard to the water rights adjustment is not limited by the

---

[3] We do not have before us the situation where no court determinations were made on any issues relating to a substantive tax adjustment after a qualified offer was made and where the pending issues and related tax adjustment were all settled without any court determinations being obtained after the qualified offer was made.

settlement limitation on qualified offers that is set forth in section 7430(c)(4)(E)(ii)(I).  Petitioners qualify as a prevailing party under section 7430(c)(4) by reason of section 7430(c)(4)(E).

To reflect the foregoing,

An appropriate order will

be issued.